## COX *v.* MYERS.

Slaves are not subject to provisional seizure to secure the rent of the premises on which they are found, though the tenant have no other property. The right of the lessor to a provisional seizure can be exercised only on moveable effects found on the premises. C. C. 2675.

Where a slave found on leased premises is illegally taken by the landlord under a writ of provisional seizure, and he dies of a disease contracted during his imprisonment under the seizure, the plaintiff will be responsible for his value. C. P. 295. C. C. 2291, 2294.

APPEAL from the District Court of Madison, *Selby*, J. *Thomas* and *Snyder*, for the appellant. *Amonett*, for the defendant. The judgment of the court was pronounced by

ROST, J. This suit was instituted to recover of the defendant a sum of money, due in part for rent of land. The plaintiff claimed the lessor's privilege, and obtained a provisional seizure, under which a slave, belonging to the defendant and found on the leased premises, was seized, and confined in the common jail, where he contracted a disease of which he died. The defendant answered by a general denial and a plea in reconvention, claiming $204 as due upon an account, and $1,000 the alleged value of the slave, the latter claim being made on the ground that the seizure was illegal. There was judgment in favor of the defendant in reconvention for $445, with five per cent interest and the plaintiff appealed.

The court below appears to have considered the plaintiff's claim as proved, but held him liable for the value of the slave. We concur in this view of the law. For that portion only of the plaintiff's claim, which was for rent, he was entitled to a provisional seizure. But it is clear that slaves are not subject to provisional seizure to secure the rent of the premises on which they are found, even when the tenant has no other property. This right of the lessor can only be exercised on the moveable effects found on the leased premises. C. C. 2675.

If slaves could be provissionally seized for the arrears of rent of the land on

which they are found, it would follow that they might be sold under the lessor's privilege, and thus pass into the hands of the purchaser free from any mortgages which might previously have existed upon them. A construction that would lead to such a result cannot be the proper one. The seizure of the slave in this case was an illegal act. C. P. 295. C. C. 2291, 2294. *Boyce* v. *Poydras de Lalande*, 6 La. 277.

The plaintiff's counsel further contends that a plaintiff is not responsible for any damage which may result from the exercise of a legal right, unless he is prompted by malice, and then only when his pursuit is wanting in probable cause.

This is true, but the plaintiff in this case was not exercising a legal right, when he caused the slave to be seized. After that seizure he was in fault, and as it is proved that the slave died of a disease contracted during his confinement in a damp and unhealthy jail, the defendant must be compensated for his value. The amount allowed is fully sustained by the evidence.

*Judgment affirmed.*